[Cite as *State v. Wolfe*, 2015-Ohio-3455.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2015 AP 0012 |
| JOSHUA WOLFE | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Criminal appeal from the New Philadelphia Municipal Court, Case No. CRB1401335A-B

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  August 25, 2015

APPEARANCES:

For Plaintiff-Appellee

DOUGLAS JACKSON
Dover Prosecuting Attorney
339 Oxford St.
Dover, OH 44622

For Defendant-Appellant

NICOLE STEPHAN
Assistant Public Defender
153 N. Broadway
New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1}    Appellant Joshua Wolfe ["Wolfe"] appeals his conviction and sentence for one count of domestic violence, a misdemeanor of the first degree in violation of R.C. 2903.13(A) after a bench trial in New Philadelphia Municipal Court.

*Facts and Procedural History*

{¶2}    Wolfe and Stephanie Chambers have a child. On November 28, 2014, Wolfe went to Chambers' home to retrieve clothing for the child. Wolfe testified he had their son with him and that he was suppose to keep him through the night, as Ms. Chambers had to work.  The couple had been arguing that day.

{¶3}    Wolfe went inside while the child remained in the vehicle.  While inside Wolfe took a cell phone from Chambers. Wolfe testified that the phone was on his plan and he paid for the service. As the couple continued to argue, Wolfe left the house. Chambers followed Wolfe to his truck. Chambers was attempting to open the door and remove the child from the vehicle. Wolfe's hand went on Chambers' chest and pushed her on the ground. He then threatened to punch Chambers. Chambers testified that Wolfe pushed her out of the way hard enough that she fell on the ground. She then testified that after he said he was going to punch her she told him to do it and kept telling him to do it and that he would go to jail and that she knew he would go to jail. Ms. Chambers agreed that Mr. Wolfe was just trying to leave and once he pushed her out of the way he closed the door of his truck and then left.

{¶4}    Wolfe admitted that he pushed Chambers back out of the way so he could get the door of the vehicle shut and lock it so he could leave. Wolfe was sitting in the truck when he pushed Chambers. He was able to get the door shut and locked so he

could leave. When questioned about the threat of punching, Wolfe testified he told Ms. Chambers she could make a saint want to punch her in the face because she does not stop. It just keeps going and going and going. Wolfe testified that Ms. Chambers had another phone, other than the one he took, and that within minutes of him leaving the house after the altercation, she began to text him.

{¶5} On November 28, 2014, Wolfe was charged with Domestic Violence, a violation of Ohio Revised Code 2919.25, and Assault, a violation of Ohio Revised Code 2903.13(A).

{¶6} At the conclusion of the evidence, the court found Wolfe guilty of the domestic violence charge, and dismissed the assault charge. The Court sentenced Wolfe to serve 180 days in jail, suspended all 180 days, for a 24-month term of community control sanctions and to have no contact with Stephanie Chambers.

*Assignments of Error*

{¶7} Wolfe raises two assignments of error,

{¶8} "I. THE CONVICTION FOR DOMESTIC VIOLENCE, A VIOLATION OF OHIO REVISED CODE SECTION 2919.25(A), WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} "II. II. THE CONVICTION FOR DOMESTIC VIOLENCE IS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

*Analysis*

{¶10} Wolfe's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶11}** In his first assignment of error, Wolfe contends his conviction is against the manifest weight of the evidence produced by the state at trial. In his second assignment of error, Wolfe challenges the sufficiency of the evidence.

**{¶12}** Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720 (5th Dist.), ¶68.

**{¶13}** Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue, which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, *quoting* Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶14}  When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, *quoting Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721 (1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.
>
> * * *
>
> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶15}  To find Wolfe guilty of domestic violence the trier of fact would have to find beyond a reasonable doubt that he knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). Physical harm to persons is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." "Family or household member" includes "A spouse, a person living as a spouse, or a former spouse of the offender" R.C. 2919.25(F)(1)(a)(i). A "person living as a spouse" includes "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2). R.C. 2901.22 Culpable mental states, provides:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

Wolfe does not dispute that at all relevant times Chambers was a family or household member, or a person living as a spouse.

{¶16}  In the case art bar, Chambers testified that Wolfe pushed her and she fell to the ground.  Chambers further testified that it hurt and that she had marks on her hands and legs.

{¶17}  Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Wolfe committed the crime of domestic violence. We hold, therefore, that the state met its burden of production regarding each element of the crime of domestic violence and, accordingly, there was sufficient evidence to support Wolfe's conviction.

{¶18}  Wolfe argues that he acted in self-defense. Self-defense is a "confession and avoidance" affirmative dense in which appellant admits the elements of the crime but seeks to prove some additional element that absolves him of guilt. *State v. White*, 4th Dist. Ross No. 97 CA 2282, 1998 WL 2282 (Jan. 14, 1998). The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. *In re Collier*, 5th Dist. Richland No. 01 CA 5, 2001 WL 1011457 (Aug. 30, 2001), *citing State v. Caldwell*, 79 Ohio App.3d 667, 679, 607 N.E.2d 1096 (4th Dist.1992). The proper standard for determining whether a criminal defendant has successfully raised an affirmative defense is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable persons concerning the existence of the issue. *State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus.

{¶19}  To establish self-defense in the use of non-deadly force, the accused must show 1) he was not at fault in creating the situation giving rise to the altercation; 2) the accused had reasonable grounds to believe and an honest belief, even though

mistaken, that some force was necessary to defend himself against the imminent use of unlawful force; and 3) the force used was not likely to cause death or great bodily harm. *State v. Hoopingarner*, 5th Dist. Tuscarawas No.2010AP 07 00022, 2010–Ohio–6490, ¶ 31, *citing State v. Vance*, 5th Dist. Ashland No.2007–COA–035, 2008–Ohio–4763, ¶ 77 (citations omitted). If any one of these elements is not proven by a preponderance of the evidence, the theory of self-defense does not apply. *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990).

{¶20} In the case at bar, the trial court found,

Okay, I think there's been a lot of different stories told here and a lot of different reasons and a lot of different explanations and I agree with Miss Stephan that Stephanie's probably not the most credible witness in the world, but I can't sit here and say, we just had a similar case last week, very similar. In fact they were fighting over trying to get in the car. There wasn't a baby in the car but, and I found the defendant not guilty based on self-defense because I felt like he really had not created the situation at all, which is one of the elements of self-defense is you cannot have created the situation, and that isn't the case here. I don't think that's the case here and I do think that he did shove her and he did threaten her and so I'm going to find you guilty, Josh, of domestic violence.

You know, there's about a million things you could have done to avoid this. First of all, I asked you the questions about why you went back over there because I just, I wanted to know why did you have to go back

over there? You didn't. You guys were arguing, I'm sure you knew better, in hindsight.

* * *

Okay, and yet even though I ordered you not to have any contact with her in this case as a condition of your bond that you could have went and sat in jail? You still can't, you just, you know, at some point you got to just tell yourself it's too crazy, it's not good for the kid. So he needs to come in for sentencing.

I mean I'm not blind to what's going on here, but you — she's not the only responsible one as far as creating these situations. There was no reason for you to go over to that house that day. You didn't need clothes, you didn't need diapers, you didn't need nothing. You just went over there to make trouble with her and take her phone and she was just pushing your buttons, and you guys had the bad idea to bring a baby into the midst of this craziness.

T. at 29-30.

{¶21} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911(Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d

279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown*, 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass*, 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

{¶22} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai*, 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶23} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-

Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶24} The judge as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the[trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.*

{¶25} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge neither lost his way nor created a miscarriage of justice in convicting Wolfe of the charges.

{¶26} Based upon the foregoing and the entire record in this matter, we find Wolfe's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the judge appears to have fairly and impartially decided the matters

before him. The judge as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Wolfe. This court will not disturb the trier of facts finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The judge heard the witnesses, evaluated the evidence, and was convinced of Wolfe's guilt.

**{¶27}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime of domestic violence beyond a reasonable doubt.

**{¶28}** Wolfe's first and second assignments of error are overruled.

**{¶29}** For the foregoing reasons, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur